UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AASIM NIA,

    Plaintiff,

v.

A. HEDGPETH,

    Defendant.
                                 /

No. C 12-4858 SI (pr)

**ORDER VACATING BRIEFING SCHEDULE AND DENYING MOTION TO COMPEL**

    Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining of racial discrimination at Salinas Valley State Prison. The court ordered service of process on the lone defendant, A. Hedgpeth. Later, plaintiff filed another action also complaining of racial discrimination at Salinas Valley that seemed to be a different articulation of the same claim with some additional defendants, *see Nia v. Asuncion*, No. C 13-353 SI. The court dismissed Case No. C 13-353 SI without prejudice to plaintiff filing an amended complaint in this action, i.e., Case No. C 12-4858 SI, by May 31, 2013. Meanwhile in this action, defendant moved for an extension of time to file a dispositive motion and plaintiff filed a motion to compel discovery from defendant. This order addresses those two motions.

    Defendant's motion for an extension of time to file a dispositive motion is GRANTED. (Docket # 12.) In light of the expected amended complaint from plaintiff, the court VACATES the briefing schedule for dispositive motions. The briefing schedule will be reset after the amended complaint is filed or the deadline for filing an amended complaint passes.

    Plaintiff's motion to compel discovery is DENIED. (Docket # 11.) The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are

exchanged between the parties without any copy sent to the court.  See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).  Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process.  The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37.  Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.  The motion to compel is denied because plaintiff has not shown that he engaged in a good faith effort to meet and confer with defendant before filing his motion to compel and has not attached to his motion to compel a copy of the discovery documents to which he wanted to compel responses.  Additionally, it is questionable whether the discovery requests actually reached defendant, who is no longer the warden at Salinas Valley: on his motion to compel, plaintiff listed defendant's address as Salinas Valley, but recognized in his complaint in *Nia v. Asuncion*, No. C 13-3053 SI, that defendant is the former warden of Salinas Valley.

Defense counsel has entered an appearance on behalf of defendant.  Plaintiff therefore should send his discovery requests for defendant to defense counsel.

IT IS SO ORDERED.

Dated: May 10, 2013

_____
SUSAN ILLSTON
United States District Judge