UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASIM NIA, | No. C 12-4858 SI (pr) |
| Plaintiff, | **ORDER FOR SERVICE OF FIRST AMENDED COMPLAINT** |
| v. | |
| A. HEDGPETH, | |
| Defendant. | |

A. <u>Review of First Amended Complaint</u>

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining of racial discrimination at Salinas Valley State Prison. The court ordered service of process on the lone defendant, A. Hedgpeth. Later, plaintiff filed another action also complaining of racial discrimination at Salinas Valley that seemed to be a different articulation of the same claim with some additional defendants, *see Nia v. Asuncion*, No. C 13-353 SI. The court dismissed Case No. C 13-353 SI without prejudice to plaintiff filing an amended complaint in this action, i.e., Case No. C 12-4858 SI, by May 31, 2013. Plaintiff then filed a first amended complaint (Docket # 16), which is now before the court for review pursuant to 28 U.S.C. § 1915A.

In his first amended complaint, plaintiff adds new defendants, and asserts the same general claims that he has been subjected to racial discrimination in violation of his right to equal protection. He alleges that, while incarcerated at Salinas Valley State Prison, he was subjected to unwritten policies to (a) house non-affiliated African American inmates with African American inmates who are affiliated, i.e., involved in gangs or disruptive groups, and (b) house African Americans on any yard regardless of the location, and (c) put inmates on lockdown

based on race. He further alleges that similar policies are not applied to other racial groups. Liberally construed, the contention that the housing policies for African American inmates are different from those for non-African American inmates states a cognizable claim for a violation of plaintiff's right to equal protection of the laws. *See Johnson v. California*, 543 U.S. 499, 508-10 (2005). Giving the *pro se* first amended complaint the liberal construction to which it is entitled, it adequately links defendants Hedgpeth, Asuncion, and Grounds, and John Doe to the equal protection claim by alleging that they failed to treat the African American inmates the same as the Hispanic inmates. *See* Docket # 16 at 7 and 10.

The first amended complaint also alleges a cognizable claim that defendants Asuncion, Hedgpeth, R.T.C. Grounds and John Doe violated plaintiff's Eighth Amendment rights by failing to provide him access to a recreational yard during an extended lockdown. *See* Docket # 16 at 8, 9. The long-term deprivation of outdoor exercise to prisoners is unconstitutional. *See Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010).

B.  Service of Process and Scheduling

1. The first amended complaint, liberally construed, states cognizable § 1983 claims against defendants Asuncion, Hedgpeth, Grounds, and John Doe for violating plaintiff's Fourteenth Amendment right to equal protection and his Eighth Amendment right to outdoor exercise. All other claims and defendants are dismissed.

2. Plaintiff must provide a true name for the John Doe defendant no later than **November 15, 2013**, or that defendant will be dismissed without prejudice to plaintiff filing a new action against him.

3. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the first amended complaint and a copy of all the documents in the case file upon defendants captain D. Asuncion and Warden R. T. C. Grounds at Salinas Valley State Prison. (Defendant Hedgpeth already has been served with process and appeared in this action, and defendant John Doe cannot be served until plaintiff provides his true name.)

2

4.    In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a.   No later than **December 6, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendants file a motion to dismiss for non-exhaustion of administrative remedies, defendants must provide to plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b.   Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 17, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c.   If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 31, 2013**.

5.    Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule

3

56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008-09.

6. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

/ / /

/ / /

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 25, 2013

_____
SUSAN ILLSTON
United States District Judge