UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AASIM NIA,

    Plaintiff,

  v.

A. HEDGPETH,

    Defendant.
                                   /

No. C 12-4858 SI (pr)

**ORDER RE. SERVICE OF PROCESS AND BRIEFING SCHEDULES**

The court ordered service of process on a defendant identified by plaintiff as "Kathleen Dickerson," the director of the California Department of Corrections and Rehabilitation in Sacramento, California. The Process Receipt and Return form filed by the U.S. Marshal indicated that service efforts were unsuccessful. The notation on the form stated: "12/18: Process returned as unacceptable – K. Dickerson is not employed @CDCR. Retired Director is Kathleen Dickenson. CDCR can only accept if accurately addressed." Docket # 24. Service of process will be attempted again to deal with this time- and money-wasting objection.

The defendants who have been served and appeared in this action have moved for an extension of the deadline to file a dispositive motion. Among the reasons they offer for needing an extension of the deadline is that defendant Dickenson – a name that is, ironically, misspelled as Dickerson in defense counsel's declaration, *see* Docket # 26 at 2 – has not yet been served. Counsel states that she wants to file a single dispositive motion from all defendants including Dickenson if she is served and requests representation by the Attorney General's office. Although the court earlier extended the dispositive motion deadline to allow the efficiency of all defendants filing a single dispositive motion, *see* Docket # 21 at 2, that is no longer the preferable course because it is unclear whether the CDCR staff might seize upon another trivial objection to further delay service of process on Dickenson and it is unclear whether Dickenson

will be represented by the same attorney. The best course now in this 15-month old action is to put the served defendants on one briefing and the yet-to-be-served defendant on another briefing schedule, so that the claims against the former can be adjudicated regardless of whether there are further service of process problems with the latter or the latter hires a different attorney. Defendants' motion for an extension of time is GRANTED in part. (Docket # 25.)

The court now sets the following schedule to move this action toward resolution:

1. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the first amended complaint and a copy of all the documents in the case file upon Kathleen Dickenson at the California Department of Corrections and Rehabilitation in Sacramento, California.

2. The briefing schedule in the order filed November 22, 2013 is now vacated and replaced with this new briefing schedule for dispositive motions from defendants Hedgpeth, Asuncion, and Grounds: Defendants must file and serve their dispositive motion no later than **February 28, 2014**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **March 28, 2014**. Defendants must file and serve their reply brief (if any) no later than **April 11, 2014**. Plaintiff is cautioned to re-read the notices about motions to dismiss and motions for summary judgment in the court's order filed September 25, 2013.

3. The court now sets the following briefing schedule for a dispositive motion from defendant Kathleen Dickenson: Defendant must file and serve her dispositive motion no later than **March 28, 2014**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **April 25, 2014**. Defendant must file and serve her reply brief (if any) no later than **May 9, 2014**. Plaintiff is cautioned to re-read the notices about motions to dismiss and motions for summary judgment in the court's order filed September 25, 2013.

IT IS SO ORDERED.

Dated: January 16, 2014

_____
SUSAN ILLSTON
United States District Judge