UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AASIM NIA,

    Plaintiff,

    v.

A. HEDGPETH; et al.,

    Defendants.
                            /

No. C 12-4858 SI (pr)

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Aasim Nia, formerly an inmate at the Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that defendant prison officials made race-based decisions in housing him with an African-American Crip inmate and in putting him on lockdown following inmate violence that did not involve him.

Defendants now move for summary judgment and plaintiff opposes the motion.[1] Upon due consideration of the parties' submissions, the court concludes that summary judgment is inappropriate because the equal protection claim requires a more nuanced analysis than either plaintiff or defendants have provided. For the reasons discussed below, defendants' motion will be denied and the action will be referred to the federal pro bono project to attempt to find counsel for plaintiff.

First, plaintiff's discussion flips back and forth between races and gangs – at some points he compares two Hispanic gangs and elsewhere compares African American inmates with the Bulldogs gang – but races and gangs are not interchangeable. *See generally Johnson v. California*, 543 U.S. 499, 511 (2005) ("When government officials are permitted to use race as

---

[1] Defendants have not moved for summary judgment on plaintiff's Eighth Amendment claim based on a denial of outdoor exercise.

1 a proxy for gang membership and violence without demonstrating a compelling government
2 interest and proving that their means are narrowly tailored, society as a whole suffers.") The
3 strict scrutiny analysis discussed in *Johnson* requires a comparison between treatment of inmates
4 in one race and treatment of inmates in one or more other races, rather than a comparison
5 between treatment inmates of one race with inmates in a gang.[2]

6 Second, the court has doubts about just how much choice the inmate actually had in the
7 initial housing placement because defendants' evidence appears to conflict with a regulation.
8 Defendant Hedgpeth declares that "when an inmate is unaffiliated [with a gang] like Mr. Nia,
9 the decision whether to accept a cellmate belonging to the Crips disruptive group, or any other
10 gang, rests with him. If he does not consent to a particular cellmate, a more compatible cellmate
11 would be found for him." Hedgpeth Decl., ¶ 5. However, a regulation provided that inmates
12 "shall accept" housing assignments "as directed by staff." 15 Cal. Code Regs. § 3269.[3] An
13 inmate who refused to be housed as staff directed would be "subject to the disciplinary process"
14 and could be put in more restrictive housing. *Id.* at § 3269(g). The freedom of choice
15 defendants suggest existed fails to take account of the adverse consequences under § 3269 for
16 not accepting the cellmate already chosen for him.

17 Third, the absence of documentation of the housing assignment causes concern. A
18 regulation that provided for integrated housing of inmates, 15 Cal. Code Regs. § 3269.1, stated
19 that prison officials would assign an inmate an "integrated housing code" that would be reviewed
20 periodically. The regulation also set out the codes that could be assigned to inmates. *Id.* at
21 § 3269.1(a)-(c). One would expect there to be some documentation of the coding and housing
22 decisions, yet defendants offer no evidence regarding the decision-making with regard to
23 plaintiff's housing other than the conclusory statement that plaintiff "must have consented" to

---

[2] If the question were whether gangs were treated unequally, the strict scrutiny test would not apply and the *Turner* test would apply. *See Turner v. Safley*, 482 U.S. 78 (1987). Also, plaintiff's standing would be questionable because he states that he is not affiliated with any gang.

[3] The regulation, 15 Cal. Code Regs. § 3629, was amended effective June 2, 2014. The court has considered the version of the regulation in place in 2011 when the housing decision was made at Salinas Valley.

his Crip cellmate. *See* Hedgpeth Decl., ¶ 5.

Fourth, defendants' evidence regarding the lockdown(s) is insufficient to show that there were not race-based decisions being made. Plaintiff provides program status report forms that have a box in the upper third of the form for "Inmates affected" in which the choices were: All, Black, White, Hispanic, and Other. *See, e.g.,* Docket # 46-1 at 7 ("Black" and "Hispanic Northern" boxes are checked). The "Remarks" section at the bottom of the same form discusses the inmate population in terms of racial classifications. *See, e.g., id.* at 2 ("The Black inmates on Facility B remained on modified program and incremental releases for the White, Hispanic and Other ethnics/affiliations resumed on December 21, 2011"); and *id.* at 8 ("On November 3, 2010, all Black inmates returned to normal program. On January 20, 2011, an incremental release of the Northern Hispanics was initiated to reintegrate with the Black inmate population").

Plaintiff's complaint raises serious contentions about possible race-based decision making at Salinas Valley regarding his housing placement and prison lockdowns. Defendants' summary judgment motion fails to show that race-based decision-making was not afoot. This is the rare case in which neither side's presentation convinces the court as to the correct ruling on the equal protection claim. It also appears that appointment of counsel to represent plaintiff might aid in uncovering any documents and developing other evidence that may reflect race-based decision making (if it existed).

For the foregoing reasons, defendants' motion for summary judgment is DENIED. (Docket # 32.) This is not to say that defendants cannot in the future file another motion for summary judgment that might succeed, but only that the motion they did file will not succeed. By separate order, the court will refer this action for appointment of counsel to represent plaintiff.

IT IS SO ORDERED.

Dated: September 2, 2014

_____
SUSAN ILLSTON
United States District Judge